Matter of Attorneys in Violation of Judiciary Law § 468-a (Génot) (2023 NY Slip Op 05575)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Génot)

2023 NY Slip Op 05575

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

PM-251-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Claire Kimberly GÉnot, Also Known as Claire GÉnot-De PrunelÉ, Respondent. (Attorney Registration No. 4580759.)

Calendar Date:August 14, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Claire Kimberly GÉnot, Senlis, France, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2008 and resides in Senlis, France, where she is retired from the practice of law and is employed as a schoolteacher. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1724 [3d Dept 2019]; see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1). She cured her registration delinquency in May 2023 and now applies for reinstatement, which application the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes.
In addition to the requisite substantive showing (see Rules for Atty Disciplinary Matters § 1240.16 [a]), an attorney seeking reinstatement following a suspension solely related to a failure to maintain his or her attorney registration requirements, like respondent, must also meet certain procedural requirements and submit other documentation in support of his or her application.[FN1] On this point, there is no longer a requirement that an attorney seeking reinstatement following a failure to comport with attorney registration requirements provide proof of his or her successful passage of the Multistate Professional Responsibility Exam (hereinafter MPRE) as a prerequisite to reinstatement (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Torre], 219 AD3d 1009, 1010-1011 [3d Dept 2023], with Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Rather, in place of the MPRE requirement, the attorney seeking reinstatement following a suspension of more than two years in actual duration must now establish his or her compliance with certain continuing legal education (hereinafter CLE) requirements (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; see also Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [e], [h]).
AGC opposes respondent's reinstatement on the grounds that her submissions do not establish her compliance with Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5), specifically by demonstrating that she has satisfied certain CLE requirements within two years prior to the filing of her application for reinstatement. Although respondent has not submitted a reply to AGC's objections, her submissions reveal that she self-certifies as retired from the practice of law (see Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [g]), inasmuch as she avers to being a schoolteacher in France since 2019. While respondent's self-certification that she is retired from the practice of law may allow her to claim an exemption from completing the CLE requirements attendant to her biennial registration obligation (see Judiciary Law § 468-a; Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [4]), the CLE requirement contained within Rules of the Appellate [*2]Division, Third Department (22 NYCRR) § 806.16 (c) (5) is "a requirement separate and distinct from the CLE requirement attendant to an attorney's biennial registration" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Pretorius], 218 AD3d 954, 956 [3d Dept 2023]). Given that respondent has not established compliance with Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) as a threshold matter, and inasmuch as her self-certification as retired does not excuse her compliance with this Court's CLE prerequisites (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Tabibzadegan], 215 AD3d 1164, 1166 [3d Dept 2023]), we deny her application for reinstatement, but note that respondent is not precluded from making a subsequent motion for reinstatement in the future (see Rules for Atty Disciplinary Matters § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]; see also Rules for Atty Disciplinary Matters § 1240.22 [a]).
Lynch, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the motion for reinstatement by respondent is denied.

Footnotes

Footnote 1: The Court's prior rules required an attorney seeking reinstatement following a suspension for failing to maintain his or her attorney registration obligations to follow procedures dictated by the actual duration of his or her suspension (see e.g. Matter of Jing Tan, 164 AD3d 1515, 1516 [3d Dept 2018]).